# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| CHRIS D. BLACKWELL and LACHUNRIA D. BLACKWELL, § § § | |
| Plaintiffs, § | |
| § | Civil Action No. _____ |
| v. § | |
| § | With Jury Demand Endorsed |
| NEWREZ, LLC, d/b/a SHELLPOINT § MORTGAGE SERVICING, LLC, § | |
| Defendant. | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs, Chris D. Blackwell ("Mr Blackwell") and Lachunria D. Blackwell ("Mrs. Blackwell") (collectively "Plaintiffs"), by and through counsel, for their Complaint against Defendant, NewRez, LLC, d/b/a Shellpoint Mortgage Servicing, LLC, ("Defendant"), state as follows:

### I. INTRODUCTION

1. Defendant engaged in willful, malicious, coercive, deceptive and harassing actions against Plaintiffs in furtherance of its efforts to illegally collect on a mortgage from Plaintiffs personally, during their chapter 7 bankruptcy case and after the debt had been discharged as to their personal liability in bankruptcy. Despite Defendant's knowledge of the foregoing and Plaintiffs' surrender and vacating of the subject real property collateral prior to filing their bankruptcy case, Defendant, in its attempts to deceive and coerce Plaintiffs to pay the debt while it was legally uncollectible from them: 1) made numerous collection calls to Plaintiffs on their cellular phones; 2) sent Plaintiffs periodic billing statements demanding payment in a specified

amount alleged to be "past due" or "due" by a date certain; and 3) sent Plaintiffs notices and other correspondence seeking payment or to coerce actions from Plaintiffs for Defendant's benefit.

2. Specifically, Plaintiffs claim Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy; and 3) the automatic stay and discharge injunctions of the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division. Plaintiffs seek to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3. Plaintiffs are natural persons residing in Jefferson County, Texas, and are each a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c), and the TDCA, Tex. Fin. Code § 392.001(1).

4. Defendant is a foreign corporation that may be served by delivering a summons to its registered agent, Corporation Service Company, dba Lawyers Incorporating Service Company, 211 E. 7th Street, Austin, TX 78701-3218.

5. Defendant is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3)(6) and (7).

6. The debt Defendant was attempting to collect from Plaintiffs was a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 15 U.S.C. § 1681p.

8. Venue is proper in this district, because Defendant transacts business in this district, Plaintiffs filed their bankruptcy case in this district, and the conduct complained of occurred in this district.

## IV. Factual Allegations

**A.  Plaintiffs Filed a Joint Chapter 7 Bankruptcy Case and Received a Discharge of their Personal Liability for the Subject Mortgage Debt.**

9. On February 22, 2018, Plaintiffs, as a married couple, filed a joint Chapter 13 bankruptcy case, case number 18-10061 ("Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division,

**1)  Plaintiffs Included Information About the Mortgage Account and Collateral in their Schedules Filed with Their Bankruptcy Petition.**

10. In "**SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS**" ("Schedule D") filed with their bankruptcy petition, Plaintiffs listed their secured claims at the time of filing their Bankruptcy Case, which included, in part, a secured claim for the subject mortgage account, identified by an account number ending with the last 4 digits of 6646 (the "Account"), listing Defendant as the creditor for the Account, and describing the property securing the claim to be located at 510 Devon St., Beaumont, TX 77707 (the "Property").

11. A true and correct copy of Schedule D is attached hereto as Exhibit "A."

12. Plaintiffs also identified the Property in "Schedule A/B: Property," filed with their bankruptcy petition.

**2)  Plaintiffs Provided Notice of Their Surrender of the Real Property Collateral with Their Bankruptcy Petition.**

13. Plaintiffs filed with their bankruptcy petition their "Official Form 108 **Statement of Intention for Individuals Filing Under Chapter 7**" ("Statement of Intent"), noting their

-3-

intention was "[s]urrender the property" to Defendant as the creditor. Plaintiffs had already surrendered and vacated the Property prior to filing their Bankruptcy Case.

14. A true and correct copy of relevant excerpts from Plaintiffs' Statement of Intent is attached hereto as Exhibit "B."

### 3) Defendant Received Notice of Plaintiffs' Bankruptcy Filing and the Resulting Automatic Stay, Prohibiting Collections Against Plaintiffs During the Bankruptcy Case.

15. On February 25, 2018, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case " ("341 Notice") to Defendant by first class mail. The 341 Notice, Official Form 309A, warned all creditors in conspicuous language:

> [t]he filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property.".... Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

16. A true and correct copy of the 341 Notice is attached hereto as Exhibit "C." The United States Postal Service did not return the 341 Notice sent to Ocwen, creating a presumption it was received.

### 4) During the Bankruptcy Case, Defendant Made Collection Calls to Plaintiffs on the Account.

17. After Plaintiffs filed their Bankruptcy Case, Defendant called Plaintiff(s) at least 10 times seeking payment from them or requesting Plaintiffs take actions on the Account for Defendant's financial benefit to Plaintiffs' detriment. These phone calls occurred starting in February 2018 through June 20, 2018.

### 5) Plaintiffs Receive a Discharge in Their Bankruptcy Case, Discharging their Personal Liability on the Account, and Permanently Prohibiting Defendant from Contacting Plaintiffs to Collect on the Account.

18. On June 20, 2018, the Bankruptcy Court issued an order granting Plaintiffs a "**Discharge of Joint Debtors**" ("Discharge Order"). The Discharge Order followed Official Form 318, including the explanatory language contained therein. The Discharge Order discharged Plaintiffs from any liability for the debt created by the Account. Included with the Discharge Order was detailed information about the discharge stating, "**Explanation of Bankruptcy Discharge in a Chapter 7 Case**…. **Creditors cannot collect discharged debts** This order means that no one may make any attempt to collect a discharged debt from the debtors personally," and specifies, "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally," and further, "Creditors who violate this order can be required to pay debtors damages and attorney's fees."

19. A true and correct copy of the Discharge Order is attached hereto as Exhibit "D."

20. On June 22, 2018, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to Defendant by first class mail, which was not returned. This mailing constituted notice of the discharge granted in Plaintiffs' Bankruptcy Case to Defendant and the replacement of the automatic stay with the discharge injunction imposed by 11 U.S.C. § 524(a).

21. As a result of the discharge, the Account had a zero-balance due and owing and no past-due amount. Also, the debtor-creditor relationship ended between Plaintiffs and Defendant, as there was no longer any legally repayable debt to Defendant from Plaintiffs on the Account.

22. At no time during the pendency of Plaintiffs' Bankruptcy Case did Defendant or any other person or entity object to or dispute the details or completeness of the Account listed on Plaintiffs' Petition filed in their Bankruptcy Case.

23. At no time did Plaintiffs reaffirm the debt on the Account with any person or entity during the pendency of their Bankruptcy Case or modify the Loan.

24. At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**6) After Plaintiffs Received their Bankruptcy Discharge, Defendant Attempted to Collect the Discharged Debt from Plaintiffs Personally and Made Harassing and Offensive Contacts with Them.**

25. After the June 22, 2018 entry of the Discharge Order in Plaintiffs' Bankruptcy Case, Defendant engaged in prohibited debt collection activity against Plaintiffs on the Account to induce, deceive and coerce Plaintiff(s) to make payment to Defendant on the discharged debt and/or to deceive Plaintiffs to take actions for which they were not legally obligated, misrepresenting information to them or through threats of harm or false promises, by and through: 1) making collection calls to Plaintiff(s); and 2) sending Plaintiffs billing statements, correspondence and notices on the Account.

**a. Post-Discharge, Defendant Made Prohibited Collection Calls to Plaintiff(s) on the Account.**

26. After Plaintiffs received their bankruptcy discharge, Defendant called Plaintiff(s) on numerous occasions to collect on the Account, demanding payment or that Plaintiff(s) take actions to provide their personal, confidential and financial information to Defendant, in furtherance of Defendant's post-discharge *in personam* collection efforts against Plaintiffs, through payment demands, misrepresentations about the status of the discharged Account and/or false promises of a modification of the Loan, for which Plaintiffs did not qualify.

27. Some examples of the post-discharge, prohibited collection calls Defendant made to Plaintiff(s) are as follows:

- On September 17, 2018 at 3:33 p.m. Defendant called Mrs. Blackwell on her cellular phone from phone number 866-825-2174; and

- On March 14, 2019 at 2:36 p.m. a representative of the Defendant called Mrs. Blackwell on her cellular phone from phone number 866-825-2174.

28. A true and correct copy of relevant excerpts from Plaintiff(s)'s phone bill referencing these calls are attached hereto as Exhibit "E."

29. On March 20, 2019 at 11:29 a.m., Mrs. Blackwell returned Defendant's representatives' collection calls, as requested by Defendant, from her cellular phone to phone number 866-825-2174.

30. A true and correct copy of relevant excerpts from Plaintiff(s)'s phone bill referencing Mrs. Blackwell's return phone call to Defendant on March 20, 2019 are attached hereto as Exhibit "F."

**7) Post-Discharge, Defendant Sent Plaintiffs Billing and Escrow Statements, Notices and Letters on the Account to Deceive and Coerce Plaintiffs to Pay the Discharged Debt or Take Actions to Benefit Defendant Financially.**

31. Post-discharge and long after Plaintiffs had surrendered and vacated the Property, Defendant sent Plaintiffs deceptive and coercive notices, correspondences and monthly statements on the discharged Account, seeking payment from Plaintiffs or actions from them to benefit Defendant.

32. The correspondences and notices request Plaintiffs purchase hazard insurance on the Property or take actions to pay on the Account. The mortgage statements, which included detachable, self-addressed payment coupons and return envelopes, demanded payment of a specified dollar amount, by a specified due date and misrepresented payment was "due" on the

Account, which includes, in part, a past-due amount. For example, details about some of the correspondences and notices at issue are below:

- On or about September 10, 2018, Defendant sent Plaintiffs forms to complete and return to Defendant, providing Plaintiffs' confidential, personal and financial information, so Defendant could conduct an evaluation of their financial condition and determine loss mitigation alternatives; along with the forms, Defendant's mailing included a letter informing Plaintiffs there was a balance of $86,939.65 on the Account, the name and contact information of their assigned Single Point of Contact ("SPOC"), Quamar Gieger, who Plaintiffs were to call at the provided toll-free phone number, for the SPOC to assist them with the loss mitigation process to prevent foreclosure, even though the Property had been surrendered and the debt discharged and Plaintiffs had no interest in trying to keep the Property; and

- On or about June 4, 2019, Defendant sent Plaintiffs a letter regarding cancellation of lender-placed hazard insurance for the Property on June 3, 2019, in part, warning Plaintiffs that if there was a lapse of coverage, they may be charged an additional premium.

33. A true and correct copy of the forms and SPOC letter dated 9/10/18, and the letter dated 6/4/19 about hazard insurance, Defendant sent to Plaintiffs, are attached hereto as Exhibits "G" and "H," respectively.

## V.
### GROUNDS FOR RELIEF - COUNT I
### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

34. Plaintiffs repeat, re-allege, and incorporate by reference Paragraphs Nos. 10 through 33 above, as if fully rewritten here.

35. At all times at issue post-discharge, the debt on the Account was legally uncollectible from Plaintiffs and the discharge injunction prohibiting contacts with Plaintiff to collect was in effect.

36. Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

   a)  Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law. Inasmuch as: 1) the discharge injunction prohibits anyone from attempting to collect debts discharged in bankruptcy *in personam*; and 2) the common law protects Plaintiffs' privacy rights against receiving post-discharge contacts seeking payment of discharged debt; Defendant's post-discharge actions against Plaintiffs violated the TDCA;

   b)  Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiffs' debt. Defendant misrepresented to Plaintiffs post-discharge that the Account, which had been discharged, was past due and owing or Plaintiffs were responsible for hazard insurance on the Property or insurance premiums, through Defendant's post-discharge collection calls and correspondences, notices and statements at issue; these were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA; and

   c)  Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt, for the reasons stated in the preceding paragraphs (a and b); Defendant intentionally tried to coerce or deceive Plaintiffs into paying the debt, while Defendant knew the Account was discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectible from Plaintiffs *in personam.*

37. Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable to Plaintiffs for actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees. Also, Plaintiffs' injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiffs to punitive damages.

38. Because of Defendant's conduct, Plaintiffs were forced to hire counsel to pursue this action, and Plaintiffs' recoverable damages include his reasonable attorney's fees incurred in prosecuting this claim.

### VI. GROUNDS FOR RELIEF - COUNT II

### INVASION OF PRIVACY

39. Plaintiffs repeat, re-allege, and incorporate by reference Paragraphs Nos. 10 through 33, above, as if rewritten here in their entirety.

40. At all pertinent times, Plaintiffs had a reasonable and lawful expectation not to be contacted and harassed by Defendant during their Bankruptcy Case and post-discharge, after Plaintiffs had surrendered and permanently vacated the Property and while the automatic stay and discharge injunction were in effect. Thus, Defendant's collection calls to Plaintiffs and sending of the post-discharge mortgage statements to them were invasions of Plaintiffs' privacy rights. These wrongful acts of Defendant caused injury to Plaintiffs.

41. Defendant's wrongful acts were invasions of Plaintiffs' privacy rights and caused injury to Plaintiffs, which resulted in extreme emotional anguish, loss of time and inconvenience. Plaintiffs' injuries resulted from Defendant's malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

### VII. GROUNDS FOR RELIEF- COUNTS III AND IV

#### VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION

42. Plaintiffs repeat, re-allege, and incorporate by reference Paragraphs Nos. 10 through 33, above, as if set forth herein in their entirety.

43. At all material times, Defendant had actual knowledge of Plaintiffs' Bankruptcy Case and of the discharge of the debt on the Account.

44. Defendant attempted to collect from Plaintiffs personally on the discharged debt, through its deceptive and coercive actions at issue, seeking to lure Plaintiffs to make payment on the Account to Defendant or take actions for Defendant's financial benefit, as evidenced by the collection phone calls Defendant made to the Plaintiffs during the Bankruptcy Case and post-

discharge, as well as Defendant sending Plaintiffs the post-discharge statements, notices and correspondences, after the Property had been surrendered and vacated by Plaintiffs and Plaintiffs had provided Defendant notice with their surrender of the Property in their Statement of Intent filed in their Bankruptcy Case, if not before then.

45.     Defendant's actions were willful acts in furtherance of its efforts to collect the discharged debt from Plaintiffs, in violation of the automatic stay of 11 U.S.C. § 362 or discharge injunction imposed by 11 U.S.C. § 524(a). Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiffs to pay the discharged debt. Defendant's failure to comply with the aforesaid laws, despite Defendant's being on notice of Plaintiffs' Bankruptcy Case and discharge and the effect of Plaintiffs' discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

46.     The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiffs, in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

47.     Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiffs. After this prima facie showing by Plaintiffs, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability. Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiffs must prevail on their claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court. Any defense put forth by Defendant in this proceeding can only constitute

a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant. Any allegation of a good faith exception should not be allowed.

48.     Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived . . . ".

49.     There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

50.     The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here. No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

51.     Also, there is no requirement of mitigation on the part of Plaintiffs that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court. Any burdening of Plaintiffs with an obligation to police the misconduct of Defendant would be a complete derogation of the law. It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance. Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any such defense put forth by Defendant in this case can only constitute a claim of

mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

52. Plaintiffs have been injured and damaged by Defendant's actions, and Plaintiffs are entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

### VIII. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

53. Plaintiffs will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, the principal, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

### IX. DAMAGES

54. In addition to any damages previously stated hereinabove, the conduct of Defendant has proximately caused Plaintiffs past and future monetary loss; past and future mental distress, emotional anguish and a discernable injury to Plaintiffs' emotional state; and other damages, evidence for all of which will be presented to the jury. Moreover, dealing with the consequences of Defendant's actions has cost Plaintiffs' time and mental energy, which are precious to them.

55. At all relevant times, Defendant knew, and it continues to know, that, pursuant to the automatic stay and discharge injunction, in effect when there is a discharge order granted by a U.S. Bankruptcy Court, consumer debts in pending Bankruptcy Cases and discharged debts are not legally collectible *in personam*, but Defendant made a corporate decision to act knowingly,

willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect on the debt it knew had been discharged as a result of Plaintiffs' Bankruptcy Case. Defendant had no right to engage in any of its actions at issue.

56.    Plaintiffs believe that, after reasonable discovery in this case, they will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiffs, with the actual knowledge that such actions were in violation of the law.

57.    Plaintiffs believe that, after reasonable discovery, they will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct at issue here; nevertheless, Defendant, intentionally and knowingly, has refused to correct its policies and comply with applicable laws, of which laws it is well-aware.

58.    Plaintiffs believe that, after reasonable discovery, they will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts discharged in bankruptcy. Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant. Moreover, Plaintiffs' injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiffs to punitive damages.

59.    Plaintiffs believe that, after reasonable discovery, they will be able to show that Defendant's actions at issue were part of Defendant's illegal design, implemented in its policies

and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included and discharged in the debtors' respective bankruptcy cases.

60.  Due to Defendant's conduct, Plaintiffs were forced to hire counsel, and their damages include reasonable attorney's fees incurred in prosecuting his claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Chris D. Blackwell and Lachunria D. Blackwell, pray the Court:

A.  Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, Plaintiff's privacy rights, the automatic stay and the discharge injunction.

B  Find that appropriate circumstances exist for an award of punitive damages to Plaintiffs.

C.  Award Plaintiffs pre-judgment and post-judgment interest as allowed by law; and

D.  Grant such other and further relief, in law or equity, to which Plaintiffs might show themselves justly entitled.

Respectfully submitted,

*/s/ James J. Manchee*
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
Marilyn S. Altamira
State Bar Number 00796119
maltamira@mancheelawfirm.com
MANCHEE & MANCHEE, PC
2745 North Dallas Parkway, Suite 420
Plano, Texas 75093
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

January 29,2020                         */s/ James J. Manchee*
Date                                    James J. Manchee